IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| JOMO BARNETT, | Case No. 1:24-cv-88 |
| Petitioner | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| v. | MEMORANDUM OPINION ON<br>PETITION FOR WRIT OF HABEAS |
| MICHELLE HENRY, et al, | CORPUS |
| Respondents | ECF No. 1 |

I.   Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Jomo Barnett ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, Barnett's petition will be denied and no certificate of appealability will issue.[1]

II.   Factual background[2]

At the time that he initiated this action, Barnett was a state pretrial detainee incarcerated in the Erie County Prison while awaiting trial in the Court of Common Pleas of Erie County at Case No. 462 of 2022. In his Petition, Barnett sought federal habeas relief based on his allegation that the government had not provided him with all requested discovery materials in the underlying state court proceeding. ECF No. 1.

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

[2] The following factual narrative is derived from the Petition [ECF No. 1], Respondents' Answer [ECF No. 7], Petitioner's Notice of Mootness [ECF No. 17], and the state court docket for Petitioner's underlying criminal proceeding.

1

A review of Petitioner's state court docket indicates that his state criminal trial commenced on July 15, 2024, shortly after he initiated this habeas action. Petitioner was convicted by a jury on July 16, 2024, and sentenced on September 24, 2024. *See* ECF No. 17.

III.    Analysis

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). As such, a prisoner may ordinarily seek federal habeas relief pursuant to 28 U.S.C. § 2254, the federal habeas statute applicable to state prisoners "in custody pursuant to the *judgment* of a State court," only after he has been convicted, sentenced, and has exhausted his remedies in the state courts. 28 U.S.C. § 2254(a) (emphasis added); *see also, e.g., Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001).

While § 2254 applies to post-trial challenges, a state criminal defendant seeking relief *before* a state judgment has been rendered may proceed pursuant to the more general habeas corpus statute, 28 U.S.C. § 2241, in very limited circumstances. In pertinent part, § 2241 provides that the writ of habeas corpus is available to a petitioner who is "*in custody in violation of the Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2241(c)(3) (emphasis added). This language provides a state criminal defendant with a mechanism to challenge the legality of his pre-trial confinement in a federal habeas action by arguing that he should not be in custody because, for example: (1) his upcoming trial will violate his rights under the Double Jeopardy Clause, *see, e.g., United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); (2) he is being deprived of his constitutional right to a speedy trial, *see, e.g., Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, *see, e.g., Atkins v. Michigan*, 644 F.2d 543, 550 (6th

Cir. 1981). In all circumstances, the court's "jurisdiction must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 Fed. Appx. 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Critically, however, a § 2241 petitioner's "conviction and sentence" in state court "render moot his Section 2241 federal habeas petition challenging pretrial detention." *Robinson v. Harper*, 2024 WL 4150433 (W.D. Pa. Aug. 6, 2024) (collecting cases). *See, e.g., Jones v. Mullen*, 2017 WL 7691900 (W.D. Pa. Dec. 8, 2017) ("[W]here a habeas petitioner is challenging pretrial custody, after the petitioner is convicted, the habeas petition challenging the pretrial custody is rendered moot by the conviction."); *Rice v. State of Pennsylvania*, 2016 WL 3287573, at *5 (E.D. Pa. Apr. 26, 2016) ("Rice's subsequent conviction renders moot his petition for pretrial release and for the dismissal of those charges. We thus conclude that Rice's § 2241 petition should be dismissed in its entirety although without prejudice to the filing of any future § 2254 petition concerning his state court judgment."); *Slutzker v. Wilson*, 2007 WL 1007523, at *2 (W.D. Pa. Mar. 29, 2007) (habeas petition seeking pretrial release from custody was dismissed as moot in light of the fact that he was "no longer being incarcerated pre-trial, but has now been convicted and sentenced with life in prison"). As noted above, Barnett has already been convicted and sentenced in the underlying state court proceeding. Accordingly, his § 2241 petition challenging his pretrial detention must be denied as moot.

IV.     Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied. And, because jurists of reason would not find this disposition to be debatable, a

certificate of appealability is likewise denied.[3] Said denial is without prejudice to Petitioner's right to timely challenge his state judgment by filing a habeas petition pursuant to 28 U.S.C. § 2254.[4]

DATED this 15th day of January, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[3] *See, e.g., Reese v. Pennsylvania*, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (collecting cases for the proposition that the certificate of appealability requirement applies to Section 2241 petitions filed by state pre-trial detainees); *Moore v. Westmoreland County District Attorney's Office*, 2020 WL 6322817, at *1 n. 1 (W.D. Pa. Oct. 28, 2020) (same).

[4] Given this disposition, Respondent's Motion to Dismiss [ECF No. 7] and Petitioner's Motion for a Cease-and-Desist Order [ECF No. 15] are each denied as moot.